United States District Court
Southern District of Texas
**ENTERED**
January 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CARLOS ZAVALA SALAZAR § | |
| § | |
| Petitioner, § | |
| VS. § | MISC ACTION NO. 7:18-MC-01629 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner, Carlos Zavala Salazar, a state prisoner detained in Amarillo, Texas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on August 16, 2018. (Dkt. No. 1 at 8). This case was referred to the undersigned magistrate judge for preliminary proceedings pursuant to 28 U.S.C. § 636(b).

Petitioner seeks relief from an immigration detainer. (Dkt. No. 1 at 7). In his petition, he asserts two grounds for relief. First, he is entitled to relief in the form of asylum. (*Id.*). Second, he is entitled to relief because his biological mother is a United States citizen. (*Id.*).

### I. APPLICABLE LAW & ANALYSIS

Petitioner first challenged his immigration detainer in the civil action *Zavala v. Davis*, Civil Action No. 7:18-CV-00247. In that case, Petitioner filed a 28 U.S.C. § 2254 petition on June 27, 2018; however, the Court considered his claims as properly brought under 28 U.S.C. § 2241. On August 17, 2018, United States Magistrate Judge Juan Alanis recommended that the petition be denied and that Petitioner's claims be dismissed without prejudice for lack of jurisdiction. On October 9, 2018, United States District Judge Randy Crane adopted the report and recommendation, ordering that the petition be denied and dismissed.

Upon reviewing the petition in 7:18-CV-00247, the undersigned finds that these actions raise the same grounds for relief. To simplify this matter and serve the interests of justice, this second-filed § 2241 petition should be dismissed as duplicative, and this action should be closed. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("first to file" rule applies when "related cases are pending before two judges in the same district" or in different districts); *Vetcher v. Sessions*, No. 3:18-CV-1724-K (BH), 2018 WL 4006812 (N.D. Tex. July 12, 2018) (second § 2241 petition dismissed as duplicative); *Zhao v. Holder*, No. CIV.A. H-10-0328, 2010 WL 517897 (S.D. Tex. Feb. 10, 2010) (same); *Fertilien v. Mukasey*, No. CIV.A. 09-123, 2009 WL 1953176 (W.D. La. July 7, 2009) (same).

## II. CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, it is recommended that Petitioner's § 2241 petition (Dkt. No. 1) be **DENIED** as duplicative, his claims **DISMISSED** without prejudice, and the case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.[1]

---

[1] The undersigned gives no recommendation on a Certificate of Appealability ("COA") because appealing the denial of a § 2241 petition requires no COA. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997) ("By its terms, § 2253 requires COA's only for appeals in habeas proceedings

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 3rd day of January, 2019, at McAllen, Texas.

*[signature]*

J. SCOTT HACKER
United States Magistrate Judge

---

involving process issued by a state court (i.e., proceedings under 28 U.S.C. § 2254) and appeals from final orders in proceedings under § 2255.").